JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

STANLEY WOLFSON,

                Plaintiff,

   -against-

BRUCE MAJOR and MARTIN LICHT,

                Defendants.

-------------------------------------------------------------- x

: 08 CV 01085

: Case No.

: ECF

: **NOTICE OF REMOVAL**

RECEIVED FEB 0 1 2008 U.S.D.C. S.D.N.Y.

       The Petitioners, Bruce Major ("Major") and Martin Licht ("Licht"), respectfully petition this Court as follows:

       1.      Major and Licht are defendants in this civil action brought in the Supreme Court of the State of New York, County of New York ("State Court Action"). A copy of the Summons and Complaint ("Complaint") is attached hereto as Exhibit "A".

       2.      Major and Licht first learned of the State Court Action when they received a copy of the Summons and Complaint on January 7, 2008.

       3.      This petition is being filed pursuant to 28 U.S.C. § 1446(b) within 30 days of the receipt on January 7, 2008 of the initial pleading by defendants Major and Licht.

       4.      Upon information and belief, plaintiff Stanley Wolfson ("Wolfson"), is a resident of the State of New York, County of New York. *See* Complaint, ¶ 1.

       5.      Major is a resident of the State of Connecticut.

       6.      Licht is a resident of the State of Connecticut.

       7.      The State Court Action seeks amongst other things, a declaratory judgment for the transfer of stock and breach of contract in an amount to be determined, but as per the allegations

set forth in ¶¶ 12-49 of the Complaint, it is clear that Wolfson seeks in excess of $75,000 in damages, exclusive of interest and costs.

8. Removal of this action is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332(a). Wolfson and Petitioners Major/Licht are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. The state court in which the State Court Action was brought is located within the Southern District of New York.

9. The State Court Action does not fall within any class of actions which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

10. Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal is being given to all parties in the State Court Action by filing a Notice to Adverse Party of Removal to Federal Court, along with a copy of this Notice of Removal, in the State court Action and by service upon the Plaintiff in accordance with applicable rules.

11. Major and Licht reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446, defendant Evercel respectfully requests that this action be removed from the Supreme Court of the State of New York and henceforth proceed in this Court.

Dated: New York, New York
       February 1, 2008

                             ROBINSON & COLE LLP

                             By_____
                                Joseph L. Clasen (JC-1759)
                                David E. Ross (DR-1513)
                             *Attorneys for Defendants*
                             Bruce Major & Martin Licht
                             885 Third Avenue, Suite 2800
                             New York, New York 10022
                             Tel. No.: (212) 451-2900
                             Fax No.: (212) 451-2999
                             jclasen@rc.com
                             dross@rc.com

To:    Sarah Bawany Yousuf, Esq.
       Balber Pickard Maldonado & Van Der Tuin, P.C.
       *Attorneys for Plaintiff*
       1370 Avenue of the Americas
       New York, New York 10019
       Tel. No.: (212) 246-2400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
: 
STANLEY WOLFSON,
:                        Case No. 08 CV 01085
                    Plaintiff,
:                        ECF
        -against-
:                        **NOTICE OF REMOVAL**
BRUCE MAJOR and MARTIN LICHT,
:
                    Defendants.
:
-------------------------------------------------------------------- x

# EXHIBIT A

# INDEX OF DOCUMENTS
# FILED IN STATE COURT
### (Exhibit A)

| Tab | Document | Alleged Filing Date |
|-----|----------|---------------------|
| 1 | Summons and Complaint | January 2, 2008 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
STANLEY WOLFSON,                                                   :
                                                                   :  Case No. 08 CV 01085
                           Plaintiff,                              :
                                                                   :  ECF
        -against-                                                  :
                                                                   :  **NOTICE OF REMOVAL**
BRUCE MAJOR and MARTIN LICHT,                                      :
                                                                   :
                           Defendants.                             :
                                                                   :
------------------------------------------------------------------ x

# TAB 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
                                            IAS Part Unassigned
------------------------------------------------X
STANLEY WOLFSON,

                        Plaintiff,                Index No. 600010/08

            - against -                           SUMMONS

BRUCE MAJOR and MARTIN LICHT,

                        Defendants.
------------------------------------------------X

*served 1/7 at 2:24 pm*

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Plaintiff designates New York County as the place of trial.

The basis of the venue designated is Plaintiff's address in New York County.

Dated: New York, New York
       January 2, 2008

                                    BALBER PICKARD
                                    MALDONADO & VAN DER TUIN, PC

NEW YORK
COUNTY CLERK'S OFFICE              By: _____
                                        Sarah Bawany Yousuf
JAN 02 2008                         1370 Avenue of the Americas
                                    New York, New York 10019
NOT COMPARED                        Tel No (212) 246-2400
WITH COPY FILE
                                    Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK          IAS Part Unassigned
---------------------------------------------------------------X
STANLEY WOLFSON,

                Plaintiff,                Index No. 600010/08

      - against -               COMPLAINT

BRUCE MAJOR and MARTIN LICHT,

                Defendants.
---------------------------------------------------------------X

        Plaintiff, STANLEY WOLFSON by his attorneys, Balber Pickard Maldonado & Van Der Tuin, PC, as and for his complaint against defendants BRUCE MAJOR and MARTIN LICHT (collectively "Defendants") alleges as follows:

### The Parties

1.     Plaintiff, Stanley Wolfson ("Plaintiff"), is a natural person residing in New York, New York and a co-venturer with Defendants in their joint venture to acquire and operate a pizza franchise known as "Eatza Pizza."

2.     Defendant Bruce Major ("Major") is a natural person, who is a co-venturer in the "Eatza Pizza" joint venture with Plaintiff.

3.     Defendant Martin Licht ("Licht") is a natural person who also is a co-venturer in the "Eatza Pizza" joint venture with Plaintiff, and, upon information and belief, a shareholder in Watercolor Holdings Corp., a public Colorado corporation.

### Nature of the Action

4.     Plaintiff Stanley Wolfson brings this action seeking (a) a judgment declaring that he is the owner of 42.5% of the stock in International Franchise Associates, Inc., ("IFA"), a corporation that was formed by Plaintiff and Defendants as part of their

1

joint venture, specific performance in connection with the Defendants' breach of the parties' joint venture agreement, whereby Plaintiff was to be issued 42.5% of the stock in IFA, (b) an equitable accounting. Plaintiff also seeks damages in connection with the breach of an agreement between Plaintiff and Defendant Licht to issue Plaintiff 50% of the stock in a Colorado corporation known as Watercolor Holdings Corp.

### The Eatza Pizza Joint Venture

5. In or about January of 2007, Plaintiff and Defendants entered into a joint venture agreement in the state of New York (the "Agreement"), whereby they would acquire the assets of an Arizona corporation known as Eatza Pizza, Inc. and form a close corporation, International Franchise Associates, Inc., for the purpose of acquiring the Eatza Pizza, Inc. assets, operating a pizza franchise business, and sharing the profits and losses therefrom.

6. Eatza Pizza, Inc. was in the business of granting franchise units for the operation of pizza restaurants in various parts of the country. Under the terms of the Agreement, IFA was to acquire the bulk of Eatza Pizza Inc.'s assets, including franchise agreements for eight Eatza Pizza restaurant locations, all pending franchises, various equipment and fixtures, the Eatza Pizza website, and various intellectual property and related assets. IFA was to sell Eatza Pizza franchises and to own and operate, in joint ventures with third parties, Eatza Pizza restaurant locations.

7. In particular, Plaintiff and the Defendants planned on expanding the Eatza Pizza franchise by opening new Eatza Pizza locations in the New York City area. The expansion was to commence with the opening of a location in the Times

Square area of New York City, on 42nd Street, followed by the establishment of additional New York City and Tri-State area locations.

8. Pursuant to the Agreement, each of the parties was to contribute efforts towards IFA's initial capitalization and acquisition of the Eatza Pizza franchise. Plaintiff identified the Eatza Pizza business opportunity, engaged in negotiations with Eatza Pizza, Inc. before the parties entered into the Joint Venture Agreement, and investigated it thoroughly with the assistance of Major. Each of the parties also agreed to solicit additional investors to raise additional capital for the venture. It was also agreed that Major would assume primary responsibility for the day-to-day operation of the franchise.

9. The parties also agreed that they would, pursuant to the Agreement, share in the profits and losses of the joint venture through the issuance of stock in IFA. Plaintiff and Licht were to each be issued 42.5% of the stock in IFA, and Major was to be issued 15% of the stock in IFA.

10. Immediately after entering into the Agreement, Plaintiff and Defendants began seeking third party investors to form joint ventures with IFA to establish additional Eatza Pizza restaurant locations. The parties also began seeking possible sites for the planned Times Square Eatza Pizza restuarant location and other New York City and Tri-State area Eatza Pizza resturants they planned to establish.

11. In or about February of 2007, IFA was incorporated in the state of Delaware, pursuant to the Agreement. Also in accordance with the Agreement, Major was named President and Chief Executive Officer of IFA.

12. On or about March 11, 2007, IFA entered into an asset purchase agreement with Eatza Pizza, Inc., whereby IFA acquired various Eatza Pizza assets, including franchise agreements for eight Eatza Pizza restaurant locations, all pending franchises, various equipment and fixtures, the Eatza Pizza website, and various intellectual property and related assets, in exchange for two two-year subordinate convertible notes in the amounts of $560,000 and $150,000, which were convertible to IFA stock at a value of $1.00 per share (the "Asset Purchase Agreement"). IFA did not assume any of Eatza Pizza, Inc.'s liabilities.

13. In addition to having identified, negotiated and investigated the Eatza Pizza business opportunity for the parties' Joint Venture, Plaintiff assisted in soliciting third party investors to infuse additional capital into the Joint Venture, as agreed by the Parties.

14. Defendants did not issue the agreed-upon 42.5% stock in IFA to Plaintiff at the time of its formation. Moreover, despite Plaintiff's repeated requests, and his contributions to the parties' joint venture, Defendants continue to refuse to issue Plaintiff his agreed-upon share of stock in IFA.

15. Eventually, in or about June of 2007, Defendant Major informed Plaintiff that he would not receive a 42.5% share of the parties' Joint Venture. Defendants offered Plaintiff only a 10% interest in the Joint Venture at that time.

16. To date, Plaintiff has still not been issued his 42.5% share of the stock in IFA.

17. In or about April of 2007 Plaintiff also arranged for and personally advanced to the Joint Venture the cost of hauling equipment, materials, fixtures and

inventory acquired from Eatza Pizza, Inc. to a facility he personally leased in Bridgeport, Connecticut for storage at an expense of approximately $19,000.00.

18. IFA was to remove the equipment from the Bridgeport facility promptly, but has not done so to date. In addition to the approximately $29,000 paid by Plaintiff initially to lease the premises, the storage of the materials has resulted in an expense to Plaintiff in excess of $140,000 to date, which continues to increase as a result of Defendants' failure to remove the equipment.

### The Watercolor Holdings Transaction

19. In or about November of 2006, Plaintiff and Defendant Licht entered into an oral agreement whereby Licht agreed to transfer of 50% of the stock in a corporation known as Watercolor Holdings Corp. ("Watercolor") to Plaintiff for a payment of $22,000.00.

20. Upon information and belief, Watercolor is a publicly owned Colorado corporation.

21. In or about November of 2006, Plaintiff tendered two separate checks in the amount of $11,000 each for a total of $22,000.00 to Licht in consideration for the transfer of the Watercolor stock.

22. However, Licht failed to transfer to Plaintiff 50% of the shares in Watercolor. To this date, Licht has not transferred to Plaintiff any shares in Watercolor.

### First Cause of Action

**Judgment Declaring Plaintiff to be the owner of
42.5% of the stock in IFA**

23. Plaintiff incorporates by reference the facts alleged in paragraphs 1-22 herein.

5

24. Pursuant to the Agreement, Defendants agreed that Plaintiff would be issued 42.5% of the stock in IFA.

25. In spite of their agreement to the contrary, Defendants have failed to transfer 42.5% of the stock in IFA to Plaintiff and refused Plaintiff's demands for transfer of the stock.

26. By doing so, Defendants have breached the Agreement.

27. Plaintiff is thus entitled to judgment declaring that he is a 42.5% owner of the stock in IFA.

## Second Cause of Action

### Breach of Contract – Specific Performance

28. Plaintiff incorporates by reference the facts alleged in paragraphs 1-26 herein.

29. Pursuant to the Agreement, Defendants and Plaintiff agreed to share profits and losses in their venture by issuing Licht and Plaintiff each 42.5% of the stock in IFA and Major 15% of the stock in IFA.

30. Plaintiff complied with the terms of the Agreement by, among other things, identifying and investigating the Eatza Pizza business opportunity, negotiating the acquisition of the Eatza Pizza Inc. assets, and by seeking and soliciting third party investments of capital in the Joint Venture.

31. However, Defendants did not transfer to Plaintiff his 42.5% share of the IFA stock at the time IFA was formed, and have failed to do so to this date, in spite of Plaintiff's repeated requests.

32. By failing to issue Plaintiff 42.5% of the stock in IFA, Defendants breached the Agreement.

33. IFA is a close corporation for which valuation of Plaintiff's interest would be difficult and imprecise, if not impossible.

34. Plaintiff is entitled to judgment requiring Defendants to transfer to Plaintiff 42.5% of the shares of IFA, in compliance with the terms of the Agreement.

### Third Cause of Action

### Accounting

35. Plaintiff incorporates by reference the facts alleged in paragraphs 1-28 herein.

36. Plaintiff has demanded, but Defendants have refused, to provide Plaintiff with an accounting of all assets of the parties' Joint Venture.

37. By reason of their relationship as joint venturers, Plaintiff and Defendants have a relationship of a fiduciary nature with one another.

38. Plaintiff is thus entitled to an accounting from Defendants of all assets of the parties' Joint Venture.

### Fourth Cause of Action

### Breach of Contract

39. Plaintiff incorporates by reference the facts alleged in paragraphs 1-36 herein.

40. In or about April of 2007, Plaintiff personally advanced to the Joint Venture the cost of hauling equipment, materials, fixtures and inventory acquired from

7

Eatza Pizza, Inc. to a facility he personally leased in Bridgeport, Connecticut for storage at an expense of approximately $19,000.00.

41. The parties agreed that Plaintiff was to be reimbursed for the expense of transporting the equipment and that IFA was to remove the equipment from the Bridgeport facility promptly.

42. However, Defendants have failed to reimburse Plaintiff, and have failed to remove the materials stored at the Bridgeport facility as agreed.

43. In addition to the unreimbursed transportation expenses of approximately $19,000, storing the equipment at the Bridgeport facility has cost Plaintiff, to date, in excess of $140,000.

44. Plaintiff is thus entitled to damages in an amount to be proven at trial.

### Fifth Cause of Action

### Breach of Contract
### As to Defendant Licht

45. Plaintiff incorporates the facts alleged in paragraphs 1-45 herein.

46. In or about November of 2006, Defendant Licht entered into an oral agreement with Plaintiff, whereby he agreed to transfer 50% of the outstanding shares of Watercolor in exchange for a payment by Plaintiff of $22,000.

47. In or about November of 2006, Plaintiff tendered the $22,000 payment to Defendant Licht in two separate checks of $11,000 each, in consideration for the 50% interest in Watercolor.

48. Defendant Licht never transferred 50% of the shares in Watercolor to Plaintiff.

8

49. As a result of the foregoing breach, Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff is entitled to judgment against Defendants as follows:

(a) On the First Cause of Action, a judgment declaring that Plaintiff is the owner of 42.5% of the stock in IFA, pursuant to the Agreement;

(b) On the Second Cause of Action, a judgment directing Defendants to transfer to Plaintiff 42.5% of the stock in IFA, pursuant to the Agreement;

(c) On the Third Cause of Action, an accounting of all of the assets of the Joint Venture;

(d) On the Fourth Cause of Action, an amount presently unknown but to be proven at trial;

(e) On the Fifth Cause of Action, an amount presently unknown but to be proven at trial; and

(f) such other and further relief as this Court may deem just and fair.

Dated: New York, New York
January 2, 2008

Yours, etc.

BALBER PICKARD MALDONADO &
VAN DER TUIN, PC

By: _____
Roger Juan Maldonado
Sarah Bawany Yousuf
1370 Avenue of the Americas
New York, New York 10019
212-246-2400

*Attorneys for Plaintiff*