UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANLEY WOLFSON,                          Case No. 08-CV-1085(PKC)(MHD)

                Plaintiff,

    - against -                              **FIRST AMENDED COMPLAINT**

BRUCE MAJOR and MARTIN LICHT,

                Defendants.
------------------------------------------------------------X

       Plaintiff, STANLEY WOLFSON by his attorneys, Balber Pickard Maldonado & Van Der Tuin, PC, as and for his first amended complaint against defendants BRUCE MAJOR and MARTIN LICHT (collectively "Defendants") alleges as follows:

### The Parties

       1.    Plaintiff, Stanley Wolfson ("Plaintiff"), is a natural person residing in New York, New York and a co-venturer with Defendants in their joint venture to acquire and operate a pizza franchise known as "Eatza Pizza."

       2.    Defendant Bruce Major ("Major") is a natural person, who is a co-venturer in the "Eatza Pizza" joint venture with Plaintiff.

       3.    Defendant Martin Licht ("Licht") is a natural person who also is a co-venturer in the "Eatza Pizza" joint venture with Plaintiff, and, upon information and belief, a shareholder in Watercolor Holdings Corp., a public Colorado corporation.

### Nature of the Action

       4.    Plaintiff Stanley Wolfson brings this action seeking (a) a judgment declaring that he is the owner of 42.5% of the stock in International Franchise Associates,

Inc., ("IFA"), a corporation that was formed by Plaintiff and Defendants as part of their joint venture, specific performance in connection with the Defendants' breach of the parties' joint venture agreement, whereby Plaintiff was to be issued 42.5% of the stock in IFA, (b) damages in connection with Defendants' breach of the joint venture agreement, and (c) an equitable accounting. Plaintiff also seeks damages in connection with the breach of an agreement between Plaintiff and Defendant Licht to issue Plaintiff 50% of the stock in a Colorado corporation known as Watercolor Holdings Corp.

### The Eatza Pizza Joint Venture

5. In or about January of 2007, Plaintiff and Defendants entered into a joint venture agreement in the state of New York (the "Agreement"), whereby they would acquire the assets of an Arizona corporation known as Eatza Pizza, Inc. and form a close corporation, International Franchise Associates, Inc., for the purpose of acquiring the Eatza Pizza, Inc. assets, operating a pizza franchise business, and sharing the profits and losses therefrom.

6. Eatza Pizza, Inc. was in the business of granting franchise units for the operation of pizza restaurants in various parts of the counry. Under the terms of the Agreement, IFA was to acquire the bulk of Eatza Pizza Inc.'s assets, including franchise agreements for eight Eatza Pizza restaurant locations, all pending franchises, various equipment and fixtures, the Eatza Pizza website, and various intellectual property and related assets. IFA was to sell Eatza Pizza franchises and to own and operate, in joint ventures with third parties, Eatza Pizza restaurant locations.

7. In particular, Plaintiff and the Defendants planned on expanding the Eatza Pizza franchise by opening new Eatza Pizza locations in the New York City

sby:l:\wolfson-ifa\amended.complaint.050208.doc

area. The expansion was to commence with the opening of a location in the Times Square area of New York City, on 42nd Street, followed by the establishment of additional New York City and Tri-State area locations.

8. Pursuant to the Agreement, each of the parties was to contribute efforts towards IFA's initial capitalization and acquisition of the Eatza Pizza franchise. Plaintiff identified the Eatza Pizza business opportunity, engaged in negotiations with Eatza Pizza, Inc. before the parties entered into the Joint Venture Agreement, and investigated it thoroughly with the assistance of Major. Each of the parties also agreed to solicit additional investors to raise additional capital for the venture. It was also agreed that Major would assume primary responsibility after the issuance of stock and the election of a Board of Directors, for the day-to-day operation of the franchise.

9. The parties also agreed that they would, pursuant to the Agreement, share in the profits and losses of the joint venture through the issuance of stock in IFA. Plaintiff and Licht were to each be issued 42.5% of the stock in IFA, and Major was to be issued 15% of the stock in IFA.

10. Immediately after entering into the Agreement, Plaintiff and Defendants began seeking third party investors to form joint ventures with IFA to establish additional Eatza Pizza restaurant locations. The parties also began seeking possible sites for the planned Times Square Eatza Pizza restuarant location and other New York City and Tri-State area Eatza Pizza resturants they planned to establish.

11. In or about February of 2007, IFA was incorporated in the state of Delaware, pursuant to the Agreement. Also in accordance with the Agreement, Major was named President and Chief Executive Officer of IFA.

12. On or about March 11, 2007, IFA entered into an asset purchase agreement with Eatza Pizza, Inc., whereby IFA acquired various Eatza Pizza assets, including franchise agreements for eight Eatza Pizza restaurant locations, all pending franchises, various equipment and fixtures, the Eatza Pizza website, and various intellectual property and related assets, in exchange for two two-year subordinate convertible notes in the amounts of $560,000 and $150,000, which were convertible to IFA stock at a value of $1.00 per share (the "Asset Purchase Agreement"). IFA did not assume any of Eatza Pizza, Inc.'s liabilities.

13. In addition to having identified, negotiated and investigated the Eatza Pizza business opportunity for the parties' Joint Venture, Plaintiff assisted in soliciting third party investors to infuse additional capital into the Joint Venture, as agreed by the Parties.

14. Defendants did not issue the agreed-upon 42.5% stock in IFA to Plaintiff at the time of its formation. Moreover, despite Plaintiff's repeated requests, and his contributions to the parties' joint venture, Defendants continue to refuse to issue Plaintiff his agreed-upon share of stock in IFA.

15. Eventually, in or about June of 2007, Defendant Major informed Plaintiff that he would not receive a 42.5% share of the parties' Joint Venture. Defendants offered Plaintiff only a 10% interest in the Joint Venture at that time.

16. To date, Plaintiff has still not been issued his 42.5% share of the stock in IFA.

17. In or about April of 2007 Plaintiff also arranged for and personally advanced to the Joint Venture the cost of hauling equipment, materials, fixtures and

inventory acquired from Eatza Pizza, Inc. to a facility he personally leased in Bridgeport, Connecticut for storage at an expense of approximately $39,000.00.

18.    IFA was to remove the equipment from the Bridgeport facility promptly, but has not done so to date. In addition to the approximately $39,000 paid by Plaintiff initially to lease the premises, the storage of the materials has resulted in an expense to Plaintiff in excess of $140,000 to date, which continues to increase as a result of Defendants' failure to remove the equipment.

### The Watercolor Holdings Transaction

19.    In or about November of 2006, Plaintiff and Defendant Licht entered into an oral agreement whereby Licht agreed to transfer of 50% of the stock in a corporation known as Watercolor Holdings Corp. ("Watercolor") to Plaintiff for a payment of $22,000.00.

20.    Upon information and belief, Watercolor is a publicly owned Colorado corporation.

21.    In or about November of 2006, Plaintiff tendered two separate checks in the amount of $11,000 each for a total of $22,000.00 to Licht in consideration for the transfer of the Watercolor stock.

22.    However, Licht refused to transfer to Plaintiff 50% of the shares in Watercolor. To this date, Licht has not transferred to Plaintiff any shares in Watercolor.

### First Cause of Action

**Judgment Declaring Plaintiff to be the owner of  
42.5% of the stock in IFA**

23.    Plaintiff incorporates by reference the facts alleged in paragraphs 1-22 herein.

24. Pursuant to the Agreement, Defendants agreed that Plaintiff would be issued 42.5% of the stock in IFA.

25. In spite of their agreement to the contrary, Defendants have failed to transfer 42.5% of the stock in IFA to Plaintiff and refused Plaintiff's demands for transfer of the stock.

26. By doing so, Defendants have breached the Agreement.

27. Plaintiff is thus entitled to judgment declaring that he is a 42.5% owner of the stock in IFA.

## Second Cause of Action

### Breach of Contract – Specific Performance

28. Plaintiff incorporates by reference the facts alleged in paragraphs 1-26 herein.

29. Pursuant to the Agreement, Defendants and Plaintiff agreed to share profits and losses in their venture by issuing Licht and Plaintiff each 42.5% of the stock in IFA and Major 15% of the stock in IFA.

30. Plaintiff complied with the terms of the Agreement by, among other things, identifying and investigating the Eatza Pizza business opportunity, negotiating the acquisition of the Eatza Pizza Inc. assets, and by seeking and soliciting third party investments of capital in the Joint Venture.

31. However, Defendants did not transfer to Plaintiff his 42.5% share of the IFA stock at the time IFA was formed, and have failed to do so to this date, in spite of Plaintiff's repeated requests.

32. By failing to issue Plaintiff 42.5% of the stock in IFA, Defendants breached the Agreement.

33. IFA is a close corporation for which valuation of Plaintiff's interest would be difficult and imprecise, if not impossible.

34. Plaintiff is entitled to judgment requiring Defendants to transfer to Plaintiff 42.5% of the shares of IFA, in compliance with the terms of the Agreement.

### Third Cause of Action

### Accounting

35. Plaintiff incorporates by reference the facts alleged in paragraphs 1-34 herein.

36. Plaintiff has demanded, but Defendants have refused, to provide Plaintiff with an accounting of all assets of the parties' Joint Venture.

37. By reason of their relationship as joint venturers, Plaintiff and Defendants have a relationship of a fiduciary nature with one another.

38. Plaintiff is thus entitled to an accounting from Defendants of all assets of the parties' Joint Venture.

### Fourth Cause of Action

### Breach of Contract

39. Plaintiff incorporates by reference the facts alleged in paragraphs 1-38 herein.

40. In or about April of 2007, Plaintiff personally advanced to the Joint Venture the cost of hauling equipment, materials, fixtures and inventory acquired from

Eatza Pizza, Inc. to a facility in Bridgeport, Connecticut that he initially leased on behalf of the joint venture, with the approval of his co-venturers.

41. Major and Licht subsequently determined that they did not want the space Plaintiff had leased for IFA. Plaintiff then personally took the corporate entity in whose name the lease was signed.

42. The parties agreed that Plaintiff was to be reimbursed for the entire expense of transporting the equipment and all storage and related expenses that Plaintiff incurred and that IFA was to remove the equipment from the Bridgeport facility promptly.

43. However, Defendants have failed to reimburse Plaintiff, and have failed to remove the materials stored at the Bridgeport facility as agreed.

44. In addition to the unreimbursed transportation expenses of approximately $39,000, storing the equipment at the Bridgeport facility has cost Plaintiff, to date, in excess of $140,000. Plaintiff continues to incur expenses for the storage facility.

45. Plaintiff is thus entitled to damages in an amount to be proven at trial.

### Fifth Cause of Action

### Mismanagement

46. Plaintiff incorporates by reference the facts alleged in paragraphs 1-45 herein.

47. Defendants have grossly mismanaged IFA.

48. Upon information and belief, IFA has substantially declined in value due to Defendants' gross mismanagement of the business, such that IFA stock is now nearly valueless.

49. As a result of Defendants' mismanagement, Plaintiff's interest in IFA has substantially diminished in value.

50. Plaintiff is thus entitled to damages for the dimunition in the value of the IFA stock to which he is entitled in an amount to be proven at trial.

### Sixth Cause of Action

**Breach of Contract
As to Defendant Licht**

51. Plaintiff incorporates the facts alleged in paragraphs 1-52 herein.

52. In or about November of 2006, Defendant Licht entered into an oral agreement with Plaintiff, whereby he agreed to transfer 50% of the outstanding shares of Watercolor in exchange for a payment by Plaintiff of $22,000.

53. In or about November of 2006, Plaintiff tendered the $22,000 payment to Defendant Licht in two separate checks of $11,000 each, in consideration for the 50% interest in Watercolor.

54. Defendant Licht never transferred 50% of the shares in Watercolor to Plaintiff.

55. As a result of the foregoing breach, Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff is entitled to judgment against Defendants as follows:

   (a) On the First Cause of Action, a judgment declaring that Plaintiff is the owner of 42.5% of the stock in IFA, pursuant to the Agreement;

   (b) On the Second Cause of Action, a judgment directing Defendants to transfer to Plaintiff 42.5% of the stock in IFA, pursuant to the Agreement;

   (c) On the Third Cause of Action, an accounting of all of the assets of the Joint Venture;

   (d) On the Fourth Cause of Action, an amount presently unknown but to be proven at trial;

   (e) On the Fifth Cause of Action, an amount presently unknown but to be proven at trial; and

   (f) On the Sixth Cause of Action, an amount presently unknown but to be proven at trial; and

   (g) such other and further relief as this Court may deem just and fair.

Dated: New York, New York
   May 12, 2008

              BALBER PICKARD MALDONADO &
              VAN DER TUIN, PC

              By: _____
                Roger Juan Maldonado (RM 7035)
              1370 Avenue of the Americas
              New York, New York 10019
              212-246-2400

              *Attorneys for Plaintiff*