UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STANLEY WOLFSON,   Case No. 08-CV-1085(PKC) (MHD)

                Plaintiff,

      - against -   **REPLY TO COUNTERCLAIMS**

BRUCE MAJOR and MARTIN LICHT,

                Defendants.
------------------------------------------------------------X

      Plaintiff/Counterclaim Defendant STANLEY WOLFSON, ("Wolfson") by his attorneys, Balber Pickard Maldonado & Van Der Tuin, PC, as and for his Reply to the Counterclaims of Defendants Bruce Major ("Major") and Martin Licht ("Licht") (collectively "Counterclaim Plaintiffs") contained in their Answer to First Amended Complaint with Counterclaims, alleges as follows:

    1.    Wolfson admits the allegations contained in paragraphs 1 through 3 of the Counterclaims.

    2.    With respect to the allegations contained in paragraph 4 of the Counterclaims, the allegations call for a conclusion of law, to which no answer is necessary.

    3.    With respect to the allegations contained in paragraph 5 of the Counterclaims, Wolfson admits the allegations except denies that Wolfson and Licht ever invested in any business ventures together prior to the Eatza Pizza joint venture that is the subject of Wolfson's complaint in this action.

    4.    With respect to the allegations contained in paragraph 6 of the Counterclaims, Wolfson (a) denies that he told Major he owned retail space to open at least 2 locations (b) denies that he advised Major that he had necessary start up capital for the enterprise, and (c)

denies that it was agreed that Major would manage the operation and marketing of the parties' enterprise in June of 2006, except admits that the parties agreed that Major would manage the operating and marketing of the enterprise once it was agreed that the parties would operate a franchise, sometime thereafter.

5. With respect to the allegations contained in paragraph 7 of the Counterclaims, Wolfson (a) denies that Wolfson approached Licht about opening a pizza restaurant in Harlem specifically, and (b) denies that Licht advised him that he was not interested in pursuing the business opportunity.

6. Wolfson admits the allegations contained in paragraph 8 of the Counterclaims.

7. With respect to the allegations contained in paragraph 9 of the Counterclaims, Wolfson (a) denies that he told Licht he owned and controlled all portions of the 42nd Street location and (b) denies that Licht told Wolfson he was not interested in pursuing the business opportunity.

8. Wolfson denies all of the allegations contained in paragraphs 10 through 13 of the Counterclaims.

9. With respect to the allegations contained in paragraph 14 of the Counterclaims, Wolfson denies that Wolfson introduced Major to Licht in September of 2006. Wolfson denies that he represented to Licht that Major would operate and market the restaurant enterprise. Wolfson denies knowledge and information sufficient to form a belief as to remainder of the allegations in paragraph 14 of the Counterclaims.

10. Wolfson denies all of the allegations contained in paragraph 15 of the Counterclaims.

11. Wolfson denies all of the allegations contained in paragraph 16 of the Counterclaims, except admits that Eatza Pizza sent a representative named Ron Cordova to meet with Wolfson and Licht.

12. With respect to paragraph 17 of the Counterclaims, Wolfson admits the allegations except denies (a) that the meeting with Earle took place in December of 2006, (b) that he persisted and continued to solicit Licht and Major to participate in opening an Eatza Pizza franchise and (c) that he represented he owned the 42nd Street location.

13. Wolfson admits the allegations contained in paragraph 18 of the Counterclaims, except denies that Major and Licht were the ones who inquired if Eatza Pizza would sell its assets.

14. Wolfson admits the allegations contained in paragraph 19 of the Counterclaims, except denies that the due diligence took place in December of 2006.

15. Wolfson denies all of the allegations contained in paragraph 20 of the Counterclaims.

16. Wolfson denies all of the allegations contained in paragraph 21 of the Counterclaims, except admits that Mr. Earle came to New York in January of 2007 and went to the 42nd Street location.

17. Wolfson admits the allegations of paragraph 22 of the Counterclaims.

18. With respect to the allegations contained in paragraph 23 of the Counterclaims, Wolfson denies knowledge and information sufficient to form a belief as to the actions taken by Major. Wolfson denies all of the remaining allegations in paragraph 23 of the Counterclaims, except admits that the documents and notes in question were executed.

19. Wolfson admits the allegations contained in paragraph 24 of the Counterclaims.

20. With respect to the allegations contained in paragraph 25 of the Counterclaims, Wolfson denies knowledge and information sufficient to form a belief as to the truth of these allegations.

21. With respect to the allegations contained in paragraph 26 of the Counterclaims, Wolfson admits the allegations, except (a) denies that the 42.5% of the stock in IFA he was to receive was in exchange for assurances that he owned and controlled the 42nd Street location and that he had raised $1,000,000 in short term capital and (b) denies knowledge and information sufficient to form a belief as to whether Major was ever issued 15% of the stock in IFA.

22. With respect to the allegations contained in paragraph 27 of the Counterclaims, Wolfson admits the allegations, except denies that he ever represented that he had raised $1,000,000 in short term capital or that he would do so.

23. Wolfson admits the allegations contained in paragraph 28 of the Counterclaims.

24. Wolfson denies the allegations contained in paragraphs 29 through 31 of the Counterclaims.

25. With respect to the allegations contained in paragraph 32 of the Counterclaims, Wolfson admits the allegations, except denies that the agreement of the parties was as represented by Licht and Major and denies that that he ever represented that owned the 42nd street location or that would provide $1,000,000 in short term capital.

26. Wolfson admits the allegations contained in paragraph 33 of the Counterclaims.

27. Wolfson denies the allegations contained in paragraphs 34-36 of the Counterclaims.

29. Wolfson denies all of the allegations contained in paragraphs 37 through 58 of the Counterclaims.

4

WHEREFORE, Wolfson demands judgment as follows:

a. Dismissing the Counterclaims in their entirety;

b. awarding Wolfson the costs and disbursements of this action; and

c. granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 11, 2008

BALBER PICKARD MALDONADO &
VAN DER TUIN, PC

By: _____
Roger Juan Maldonado

1370 Avenue of the Americas
New York, New York 10019
212-246-2400
*Attorneys for Plaintiff/Counterclaim Defendant
Stanley Wolfson*